IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

DENNIS THOMPSON                                                                                      PETITIONER

V.                                                                              CAUSE NO. 1:24-CV-00091-SA-DAS

BURL CAIN, et al.                                                                                  RESPONDENTS

MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the *pro se* petition of Dennis Thompson for a writ of habeas corpus under 28 U.S.C. § 2254. Respondents have moved to dismiss the petition as time-barred. Petitioner filed a response in opposition, and Respondents filed a reply. The matter is now ripe for consideration. For the reasons set forth below, Respondents' motion to dismiss will be granted and the instant petition will be dismissed with prejudice as untimely filed.

Procedural Background

Petitioner Dennis Thompson is currently in the custody of the Mississippi Department of Corrections ("MDOC") and housed at the East Mississippi Correctional Facility located in Meridian, Mississippi. Doc. # 1. On January 21, 2011, a Grand Jury in the Circuit Court of Oktibbeha County, Mississippi, indicted Thompson on one count of depraved heart murder, Miss. Code Ann. §97-3-19(1)(b), and three counts of aggravated assault, Miss. Code Ann. § 97-3-7(2). Doc. # 10-1 at 14-15. After many continuances, trial proceedings began on October 27, 2014, and concluded on October 31, 2014, when a jury found Thompson guilty on all counts. Doc. # 10-2 at 11; *see also Id.* at 12-15; Doc. # 10-9 at 83-84.

Subsequently on November 6, 2014, Thompson was sentenced to a term of thirty (30) years on the murder conviction and five years on each of the aggravated assault convictions. Doc. # 11-1 ; *see also* Doc. # 10-2 at 22-25. The Sentencing Orders provided that the sentence in Count II

(aggravated assault) was to run consecutive to the sentence in Count I (murder); that the sentence in Count III (aggravated assault) was to run concurrent to the sentence in Count I (murder); and that the sentence in Count IV (aggravated assault) was to run consecutive to the sentences in Counts I and II (murder and aggravated assault, respectively). *Id.*; *see also* Doc. # 10-9 at 135-136.

On April 8, 2015, Thompson, through counsel, filed a notice of appeal, raising the following two issues for review (as summarized by the Court):

> I. Whether the trial court erred in allowing the State to present rebuttal testimony; and
>
> II. Whether the trial court erred in refusing all jury instructions submitted by defense counsel.

Doc. #s 10-10 at 142; 10-13 at 4-16. The Mississippi Court of Appeals affirmed Thompson's convictions and sentences in an opinion entered on March 21, 2017. *Thompson v. State*, 230 So. 3d 1044 (Miss. Ct. App. 2017), *reh'g denied* (June 20, 2017), *cert. denied* (Sept. 28, 2017); *see also* Doc. # 11-2. The Mississippi Supreme Court denied Thompson's petition for certiorari review on September 28, 2017.[1] *Thompson v. State*, 229 So. 3d 121 (Table) (2017); *see also* Doc. #s 11-3, 10-11 at 3. Thompson did not seek certiorari review in the United States Supreme Court, nor did he seek post-conviction collateral review in the state courts.

On April 4, 2024, Thompson signed and submitted the instant petition for federal habeas corpus relief which was stamped as "Filed" in the Federal District Court for the Southern District of Mississippi on April 17, 2024. Doc. # 1. The matter was then transferred to this Court on May 16, 2024. Doc. # 4. Thompson raises a single ground for relief (as summarized by the Court): whether the trial court erred in refusing all jury instructions submitted by defense counsel. Doc. #

---

[1] The Order denying Thompson's cert petition was signed on September 21, 2017, but stamped as "Filed" on the court's docket on September 28, 2017. *See* Doc. # 10-11 at 3.

1 at 5; *see also* Doc. # 2. The Court entered an Order on May 17, 2024, directing Respondents to answer Thompson's petition on or before July 31, 2024. Doc. # 7. In turn, on June 12, 2024, Respondents moved to dismiss Thompson's petition as untimely filed. Doc. # 11. Thompson filed his response on June 28, 2024, *see* Doc. # 12, and Respondents filed a reply on July 1, 2024. *See* Doc. # 13.

<u>Legal Standard</u>

The instant petition for a writ of habeas corpus is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). The issue of whether Respondents' motion to dismiss shall be granted turns on the statute's limitations period, which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The federal limitations period is tolled while a "properly filed application for State post-conviction or other collateral review" is pending. *See* 28 U.S.C. § 2244(d)(2).

3

Analysis

A state court judgment generally becomes final "upon denial of certiorari by the Supreme Court or expiration of the period of time to seek it." *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999). Because Thompson did not seek certiorari review in the United States Supreme Court, his judgment became "final" for purposes of the AEDPA, and the federal limitations period began to run, on December 27, 2017, which is ninety (90) days after the Mississippi Supreme Court denied Thompson's petition for certiorari in that court (September 28, 2017, plus 90 days).[2] *See* 28 U.S.C. § 2101; *Gonzalez v. Thaler*, 565 U.S. 134, 149 (2012) (holding that when a petitioner does not pursue direct review all the way to the Supreme Court, "the judgment becomes final at the 'expiration of the time for seeking such review'—when the time for pursuing direct review in this Court, or in state court expires"); Sup. Ct. R. 13.1 (allowing ninety (90) days to seek certiorari review of a judgment entered by a state court of last resort). Thus, absent statutory or equitable tolling, Thompson's federal habeas petition must have been filed on or before December 27, 2018, to be deemed timely. *See* 28 U.S.C. § 2244(d)(1) (providing that a federal habeas petition must be filed within one year of the date on which the judgment became final).

Thompson must have filed an application for post-conviction relief ("PCR") on or before December 27, 2018, to toll the federal limitations period. *See* 28 U.S.C. § 2244(d)(2). As noted above, Thompson did not seek post-conviction collateral review in any state court. Consequently, he is not entitled to statutory tolling. *See Jones v. Lumpkin*, 22 F. 4th 486, 490 (5th Cir. 2022) (holding that petitioner was not entitled to statutory tolling because he had not filed a PCR motion in state court during the limitations period).

---

[2] The exceptions of § 2244(d)(1)(B-D) are inapplicable in this case.

Under the "mailbox rule," the Court considers Thompson's federal habeas petition as filed on the date that he delivered it to prison officials for mailing. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). Thompson signed his petition on April 4, 2024, *see* Doc. # 1 at 9, and the envelope in which it was mailed reflects that it was received by the prison's legal mail system on April 8, 2024. *See* Doc. # 1-2. As such, Thompson filed the instant petition more than five years after the December 28, 2017, deadline for filing said petition. Consequently, the Court may review the merits of Thompson's claims only if he can demonstrate that his case involves "rare and exceptional circumstances" that would warrant equitable tolling of the limitations period. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted).

The petitioner bears the burden of establishing that equitable tolling is warranted. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 799 (2000) (per curiam). To satisfy this burden, the petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing his federal habeas petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citations omitted).

Although Thompson does not specifically argue for the application of equitable tolling, he did answer "Petitioner did have access to an adequate law library" in response to Question 18 of the Court's standard habeas complaint form which addresses the timeliness of the petition. *See* Doc. # 1 at 8. Even assuming that Thompson intended to argue that he lacked access to an adequate law library, such argument would fail in demonstrating the applicability of equitable tolling. To be sure, the Fifth Circuit has consistently held that the inability to obtain legal research materials (or "inadequacies of [a] prison's law library"), ignorance of the law, or proceeding *pro se* are not rare and exceptional circumstances that warrant equitable tolling. *See Felder*, 204 F.3d at 170; *see*

*also Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999); *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Moreover, the Court notes that "[e]very inmate in the custody of the Mississippi Department of Corrections has access to legal assistance, case law, and other legal materials through the Inmate Legal Assistance Program ("ILAP")." *Brooks v. King*, 2018 WL 5784061, at *2 (N.D. Miss. Mar. 7, 2018); *see also Whittle v. Huffman*, 2024 WL 1558194 at *2 (S.D. Miss. Jan. 25, 2024); *Gavin v. Fisher*, 2017 WL 3446638, at *3 (S.D. Miss. May 31, 2017); and *Neal v. Bradley*, 2006 WL 2796404, at *4 (N.D. Miss. Sept. 25, 2006). Thompson does not allege that he was denied access to ILAP. Further, institutional records show that Thompson entered MDOC custody in late November 2014, so he has had access to ILAP since that time—well before the December 27, 2018, deadline for filing the instant petition.

In his response to Respondents' motion to dismiss, Thompson avers that "while [] housed at Wilkinson County Correctional Facility"(WCCF), his "cell-mate [] was under the influence of hard drugs" and that the inmate "started stabbing the Petitioner in his sleep." Doc. # 12 at 2. According to Thompson, the alleged assault caused him "physical, mental, and emotional trauma" such that "he was unable to pursue his rights" and the assault "prevented him from timely filing his habeas corpus petition." *Id.* at 3. Even assuming, *arguendo*, that the alleged assault did take place, such circumstances would not warrant the application of equitable tolling. The Court notes that Thompson failed to identify the date(s) of the alleged assault nor the time period he alleges to have been prevented from pursuing relief due to the alleged injuries. Respondents, however, provided the Court with MDOC documents showing Thompson's housing assignments during his incarceration. *See* Doc. # 13-1. Those documents reveal that Thompson was first moved to WCCF on January 22, 2019, which was *after* the December 27, 2017 deadline for filing his federal habeas

6

petition. *Id.* at 3. As such, the alleged assault and its ramifications could not possibly have prevented or hindered Thompson in filing a timely federal habeas petition as the event had not yet occurred.

In sum, Thompson has failed to demonstrate that extraordinary circumstances stood in his way nor that he otherwise acted diligently in pursuing federal habeas relief. *See Page v. Mills*, 2021 WL 4227059, at * 3 (S.D. Miss. Sept. 16, 2021); *Evans v. Fitch*, 2021 WL 151738, at * 3 (S.D. Miss. Jan. 17, 2021). Accordingly, the Court finds that equitable tolling is not warranted under these circumstances.

In his response, Thompson includes a single sentence in which he opines that "a fundamental miscarriage of justice will result if his claim is not considered on the merits." Doc. # 12 at 4. To show that such a miscarriage of justice would occur, a petitioner must prove "as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citations omitted). Further, he must support his allegations with new, reliable evidence, that was not presented at trial, and must show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 644. Thompson advances no substantive argument whatsoever in support of this assertion. Thus, Thompson's claims are not cognizable for federal habeas review.

Thompson's petition is, therefore, untimely filed, and Respondents' motion to dismiss will be granted.

Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing § 2254 Proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability ("COA") upon the entry of a final order adverse to the petitioner, and Thompson must obtain a COA before appealing this

Court's decision denying federal habeas relief. 28 U.S.C. § 2253(c)(1). Because his petition for writ of habeas corpus is rejected on procedural grounds, Thompson must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying this standard, the Court concludes that a COA should not issue in this case.

Conclusion

For the reasons set forth above, Respondents' Motion [11] to Dismiss will be GRANTED, and the instant petition for a writ of habeas corpus will be DISMISSED with prejudice as untimely filed. The Court further DENIES a certificate of appealability. A separate judgment in accordance with this opinion and order will enter this day.

SO ORDERED, this the 22nd day of July, 2024.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE